DAUGHERTY *et al.* v. CRANE, executor *et al.; et vice versa.*

Nos. 12683, 12687. July 11, 1939. Rehearing denied July 27, 1939.

*Helen Douglas Mankin* and *Carl N. Davie,* for plaintiff in error. *Camp, Savage & Crawford, W. J. Laney, Robert Lee Avary, Theodore Cobb, Thomas E. McLemore, E. V. Carter Jr., Talley Kirkland, James H. Dodgen, John H. Hudson, Brown & Brown,* and *Sam C. Crane,* contra.

ATKINSON, Presiding Justice. 1. In 1926 a verdict was returned in the superior court of Fulton County, in which a decree for partition was entered, providing for sale of the land by commissioners and distribution of the proceeds according to stated interests of the several parties to the proceeding. The commissioners did not sell the land. In a suit in the United States district court certain decrees dated September 10, 1928, and September 12, 1936, were rendered, which so modified the decree by the State court as to reduce the amount the original parties thereto should receive. On September 13, 1938, heirs at law of certain of the

tenants in common, since deceased, alleged to have been omitted from the partition proceedings, were allowed to intervene in the State court and to set up their interests as tenants in common. On their intervention a receiver was appointed without further notice to the parties, with direction to sell the land and distribute the proceeds in payment of specified expenses of receivership and other charges, any balance to be paid to the parties in the reduced proportions as modified by the decrees of the Federal court. It was provided that the receiver should sell at private sale subject to confirmation by the court. The land was sold in separate tracts to different persons. The sales were confirmed by the court, and duly executed by the receiver, to whom the purchase-money was paid. On October 31, 1938, while the status was as above indicated, certain heirs at law of original parties to the partition proceeding in the State court, and also parties to the decrees in the Federal court, interposed a motion to be made parties, and to set aside the various judgments and orders modifying the first judgment and decree, on the ground that they were not authorized by law; and they prayed that the original verdict and decree in the State court be enforced according to their terms. No evidence was introduced at the hearing of this motion. The judge, in the light of the record in the case, made the following order:

"It is true that there was a decree of partition rendered in this court some years ago, but it is also true that thereafter a proceeding was filed in the United States district court for the northern district of Georgia, affecting this same property, and for an adjudication of the subject-matter that had been previously dealt with in this court. That case in the United States district court went to a final decree, all of the parties being represented therein, and that decree of the United States district court provided for a division of the proceeds of the sale of this property. Subsequently to the decree of the United States district court the case was remanded to this court, to carry out the order, judgment, and decree of the United States district court. The property has been sold through a receiver, and a distribution ordered in accordance with the decree of the United States district court. To understand the late decree in this court, it is necessary to have the entire record in the United States district court. No evidence being offered in the hearing on this motion to set aside and vacate said

judgments, either documentary or parol, in support of said motion, now this case having been brought to a final decree under the entire litigation over a long period of time, both in this court and in the United States district court for the Northern District of Georgia, and no substantial reason now appearing why the entire proceeding accomplishing the sale of the property by the receiver, and providing for a distribution of the proceeds of sale, should be upset, and the decree of the United States district court disregarded entirely by this court, in view of all of these facts it is ordered that the motion now before the court be and the same is hereby overruled and the prayer denied." Error was assigned upon this judgment, on the ground that it is "contrary to law." The point suggested by the judge that no reason appears for disregarding the decrees of the Federal court, the terms of which were adopted in the final decree of the State court, is well taken. The judge did not err in overruling the motion to set aside the several judgments and orders modifying the original verdict and decree of partition, and in ordering distribution of the proceeds from the sale of the land, or in refusing to enforce the original verdict and decree according to their terms.

The judgment being *affirmed* on the direct bill of exceptions, the cross-bill is                    *Dismissed. All the Justices concur.*